UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANK HAPOALIM (SWITZERLAND) LTD.,

      Plaintiff,

v.                                                    CASE NO: 8:07-cv-170-T-23MSS

xG TECHNOLOGY, INC. et al.,

      Defendants.

_____/

## ORDER

    The defendants, Richard L. Mooers ("Mooers"), Roger G. Branton ("Branton"),

and xG Technology, Inc. ("XGI"), move (Doc. 26) to dismiss each count of the amended

complaint (Doc. 21) for failure to state a claim.  The plaintiff, Bank Hapoalim

(Switzerland) Ltd. ("BH"), responds (Doc. 29) in opposition.

    A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure,

challenges the legal sufficiency rather than the truth of factual allegations, which are

assumed true and construed most favorably to the plaintiff.  Hoffman-Pugh v. Ramsey,

312 F.3d 1222, 1225 (11th Cir. 2002).  Rule 8(a) requires a short and plain statement

that fairly notifies the defendant of both the claim and the supporting grounds.  Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  The complaint must include

"'[f]actual allegations [adequate] to raise a right to relief above the speculative level.'"

Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007)

(quoting Twombly, 127 S. Ct. at 1964-65).  "Stated differently, the factual allegations in

a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'"[1]

Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The amended complaint alleges that BH, a Swiss corporation, assumed the rights and obligations of Bank of New York Inter Maritime Bank, Geneva ("BNY") upon the corporations' merger in January, 2006.  (Doc. 21 at ¶ 1)  xG Technology, LLC ("XGL"), a Delaware limited liability company, converted into a corporation, XGI, in November, 2006.  (Doc. 21 at ¶ 2)  The defendant Richard L. Mooers ("Mooers"), a co-founder and former executive chairman and manager of XGL, currently serves as chairman, chief executive officer, and director of XGI.  (Doc. 21 at ¶ 3)  The defendant Roger G. Branton ("Branton"), co-founder and former chief financial officer and manager of XGL, serves as chief operating officer, chief financial officer, and director of XGI.  (Doc. 21 at ¶ 4)

The amended complaint alleges the following sequence of events.  David Fält ("Fält"), a Swedish citizen, owned four million units ("securities") in XGL.  (Doc. 21 at ¶ 9)  A customer of BNY, Fält instructed Mooers to issue on XGL's behalf a certificate for the securities "in the name of BNY."  (Doc. 21 at ¶ 10)  Mooers instructed Branton to issue a certificate for the securities, and Branton complied.  (Doc. 21 at ¶ 11)  On March 29, 2005, XGL delivered to Fält for deposit with BNY a certificate stating that "[BNY] is the owner of four million . . . [u]nits" of XGL.  (Doc. 21, ¶ 11, Doc. 21, Ex. 1)  In October,

---

[1] A document attached to or otherwise annexed by a motion to dismiss will be considered if "(1) central to the plaintiff's claim and (2) undisputed."  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  The defendants advocate consideration of the Amended and Restated Operating Agreement because the amended complaint incorporates Certificate No. 71, which mentions the "Operating Agreement."  (Doc. 26 at 5-6)  The Amended and Restated Operating Agreement will not be considered because the plaintiff legitimately disputes the authenticity of the document.  (Doc. 29 at 10-11)

2005, XGL informed BNY that a "pledge existed against the [c]ertificate and that the [s]ecurities were null and void due to Fält's default under the terms of an alleged pledge agreement."  (Doc. 21 at ¶ 15)  After BNY's merger with BH and XGL's conversion into a corporation (Doc. 21 at ¶ 16), XGI conducted its initial public offering ("IPO") on the London Stock Exchange.  (Doc. 21 at ¶ 17, 19)  The documents relating to the IPO did not account for BH's securities or list BH or BNY as shareholders of XGI.  (Doc. 21 at ¶ 21)  On January 2 and 8, 2007, BH requested that XGI convert the securities into "freely tradeable" shares of XGI, but XGI has declined.  (Doc. 21 at ¶¶  23, 24, 26)

The amended complaint asserts claims of breach of fiduciary duty against Mooers and Branton as managers of XGL (count one), breach of fiduciary duty against Mooers and Branton as directors and officers of XGI (count two), specific performance against XGI (count three), declaratory relief against the defendants (count four), and injunctive relief against XGI (count five).

Count one alleges that, while managers of XGL, Mooers and Branton owed a duty of care and loyalty to BNY and BH as "legal title holders of the [s]ecurities."  (Doc. 21 at ¶ 28)  Mooers and Branton allegedly breached that duty by failing to safeguard the membership interest of BNY and BH, failing to notify BH of XGL's conversion to a corporation, failing to account for the securities in the IPO note, and refusing to convert the securities into shares of XGI.  (Doc. 21 at ¶ 29)  BH alleges that the "despicable conduct" of Mooers and Branton caused BH damage and warrants the imposition of punitive damages.  (Doc. 21 at ¶¶ 30-31)

Pursuant to Delaware law, a manager of a limited liability company normally owes a fiduciary duty of care and loyalty only to the company and its members.[2] Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc., 854 A.2d 121, 153 (Del. Ch. 2004). A limited liability company may also owe a fiduciary duty to "another person that is a party to or otherwise bound by a limited liability company agreement." See Del. Code Ann. tit. 6, § 18-1101(c). Thus, absent an allegation that BNY was a member of XGL or was "a party to or otherwise bound by" XGL's agreement, count one cannot proceed against Mooers and Branton.

Because the amended complaint does not even mention a limited liability agreement, the key issue is whether the amended complaint sufficiently alleges that BNY, the assignee of Fält's securities, assumed member status in XGL. The Delaware Limited Liability Company Act (the "Act") provides that:

> An assignee of a limited liability company interest may become a member as provided in a limited liability company agreement and upon:
> (1) The approval of all of the members of the limited liability company other than the member assigning limited liability company interest; or
> (2) Compliance with any procedure provided for in the limited liability company agreement.

Del. Code Ann. tit. 6, § 18-704. If an agreement provides no guidance, an assignee becomes a member "when any such person's permitted admission is reflected in the records of the limited liability company." § 18-301. The amended complaint fails to

---

[2] Delaware law governs the fiduciary duty of a manager of a Delaware limited liability company and an officer and director of a Delaware corporation. See Weiss v. Kay Jewelry Stores, Inc., 470 F.2d 1259, 1270-71 (D.C. Cir. 1972); In re Regional Diagnostics, LLC, 372 B.R. 3, 29 n.100 (N.D. Ohio 2007); Restatement (Second) of Conflicts of Law § 309 (1971) ("The local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders, except where, with respect to the particular issue, some other state has a more significant relationship . . . .").

- 4 -

allege approval by the members of XGL, BNY's compliance with XGL's agreement, or BNY's admission reflected in XGL's records.  Absent an allegation that BNY legally became a member of XGL through the statutory procedure, count one fails to allege that Mooers and Branton owed BNY a fiduciary duty.  Count one therefore fails to state a claim of breach of fiduciary duty.

Count two alleges that as directors and officers of XGI, Mooers and Branton owed a duty of care and loyalty to BH, the "legal title holder of the [s]ecurities."  (Doc. 21 at ¶ 33)  Mooers and Branton allegedly breached their fiduciary duty by "ignoring [BH's] demand to convert" the securities into XGI shares pursuant to section 18-216(d) of the Act.  (Doc. 21 at ¶¶ 34-35)  BH again alleges the "despicable conduct" of Mooers and Branton caused BH damage and warrants the imposition of punitive damages.  (Doc. 21 at ¶¶ 30-31)

A director or officer of a corporation owes a duty of care and loyalty to only the corporation and shareholders.  Arnold v. Society for Sav. Bancorp, Inc., 678 A.2d 533, 539 (Del. 1996).  Having failed to satisfactorily allege BNY's status as a member of XGL, the amended complaint likewise fails to satisfactorily allege BH's status as a shareholder of XGI.  Although BH may have owned the securities, BH never owned XGI shares.  As proof of the duty owed to BH, the plaintiff relies on section 18-216(d) of the Act, which provides:

> In connection with a conversion of a domestic limited liability company to another entity or business form pursuant to this section, rights or securities of or interests in the domestic limited liability company which is to be converted may be exchanged for or converted into . . . securities of or interests in the entity or business form into which the domestic limited liability company is being

- 5 -

> converted or, in addition to or in lieu thereof, may be exchanged for
> or converted into . . . securities of or interests in another entity or
> business form or may be cancelled.

However, section 18-216 permits but does not require conversion, and section 18-216

even authorizes cancellation.  Furthermore, the law presumes that "in making a

business decision the directors [and officers] of a corporation acted on an informed

basis, in good faith and in the honest belief that the action taken was in the best

interests of the company."  Omnicare, Inc. v. NCS Healthcare, Inc., 818 A.2d 914, 927

(Del. 2003).  The plaintiff bears the burden of overcoming the presumption.  Omnicare,

Inc., 818 A.2d at 927-28.  Count two fails to adequately allege that Mooers and Branton

owed or breached a fiduciary duty to BH, and fails to overcome the presumption that

Mooers and Branton acted properly.

For the same reason that count two fails, counts three and five also fail.  (Doc. 21

at ¶ 39)  In counts three and five, BH requests an order that XGI convert the securities

into shares of XGI and issue the converted shares to BH.  (Doc. 21 at 11)  In count

three, BH also seeks from XGI damages resulting from the refusal to convert the

securities.  (Doc. 21 at 8)  The plaintiff bases counts three and five solely on section 18-

216(d).  Count three fails to state a claim for specific performance, and count five fails to

state a claim for an injunction.

Count four seeks a declaration of the plaintiff's rights, including entitlement to

conversion of the securities.  (Doc. 21 at 8-9)  The Declaratory Judgment Act "gives the

federal courts competence to make a declaration of rights; it does not impose a duty to

do so."  Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005).

While an actual controversy appears to exist between BH and the defendants, as presently alleged this action is unsuitable for a declaratory judgment.  The defendants' motion to dismiss (Doc. 26) is **GRANTED** and counts one, two, three, four, and five are **DISMISSED WITHOUT PREJUDICE**.  The plaintiff shall file an amended complaint on or before Thursday, January 31, 2008.

ORDERED in Tampa, Florida, on January 10, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE